# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1289V
UNPUBLISHED

| | |
|---|---|
| MICHELLE SCHNEIDER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: September 14, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.

*Sarah Black Rifkin*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION AWARDING DAMAGES**[1]

On August 27, 2019, Michelle Schneider filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA) after receiving the influenza (flu) vaccination on September 13, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 10, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On September 10, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $125,000.00 for pain and suffering, and $402.54 to satisfy the State of Louisiana Medicaid lien. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.*

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **I award Petitioner a lump sum payment of $<u>125,000.00</u> in the form of a check payable to Petitioner, Michelle Schneider.**

2. **A lump sum payment of $<u>402.54</u>, representing compensation for satisfaction of the State of Louisiana Medicaid lien, payable jointly to Petitioner and Louisiana Medicaid Program, and mailed to:**

> Louisiana Medicaid Program
> Recovery and Premium Assistance
> P.O. Box 3588
> Baton Rouge, LA 70821

This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> <u>s/Brian H. Corcoran</u>
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MICHELLE SCHNEIDER,<br><br>           Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>           Respondent. | No. 19-1289V (ECF)<br>Chief Special Master Corcoran |

## PROFFER ON AWARD OF COMPENSATION

On June 2, 2021, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34, that is, a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table. Accordingly, on June 10, 2021, the Chief Special Master issued a Ruling on Entitlement.

**I.  Compensation for Vaccine Injury-Related Items**

   A.  Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$125,000.00** for pain and suffering, in the form of a check payable to petitioner. Petitioner agrees.

   B.  Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Louisiana Medicaid lien in the amount of **$402.54**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Louisiana may have against any individual as a result of any Medicaid payments the State of Louisiana has made to

or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about September 13, 2016 under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.     Form of the Award**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [1]

A. A lump sum payment of **$125,000.00** in the form of a check payable to petitioner; and

B. A lump sum payment of **$402.54**, representing compensation for satisfaction of the State of Louisiana Medicaid lien, in the form of a check payable jointly to petitioner and:

> Louisiana Medicaid Program
> Recovery and Premium Assistance
> P.O. Box 3588
> Baton Rouge, LA 70821

Petitioner agrees to endorse the check to the Louisiana Medicaid Program for satisfaction of the Medicaid lien.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

<u>Sarah B. Rifkin</u>
SARAH B. RIFKIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-5997
Email: sarah.rifkin@usdoj.gov

DATED: <u>September 10, 2021</u>

3